UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

VENUS OVER MANHATTAN ART LLC.,                    1:20-CV-

                              Plaintiff,                    **COMPLAINT WITHOUT JURY DEMAND**

    -against-

980 MADISON OWNER LLC

                              Defendant.
_____

Venus Over Manhattan Art LLC ("Plaintiff"), by and through its attorneys, Margolin & Pierce, Attorneys at Law, as and for its Complaint against 980 Madison Owner, LLC ("Defendant"), alleges as follows:

## SUMMARY OF CLAIM

1.    This is a suit for a declaratory judgment against Defendant Madison Owner LLC seeking a declaration that as a result of the COVID-19 pandemic and Governor Andrew Cuomo's Executive Orders resulting in the mandatory closure of Plaintiff's business, the purpose of the lease was frustrated and plaintiff lawfully terminated its lease with Defendant effective April 1, 2020. Alternatively, Plaintiff seeks rescission of the lease based on impossibility of performance. In addition, Plaintiff seeks monetary damages against Defendant as a result of Defendant's declaring a default under the terms and conditions of the "Lease" and wrongfully seizing Plaintiff's security deposit in the amount of $365,000, based upon Plaintiff's failure to pay Defendant the April fixed monthly rent and additional rent purportedly due under the lease.

## PARTIES

2. Plaintiff is a New York Limited Liability Company, organized under the laws of the State of New York, and is authorized to conduct business in the State of New York, maintaining its principal office at 980 Madison Avenue, New York, New York.

3. Defendant is a Delaware corporation, whose principal place of business and office is located at c/o RFR Holding LLC, 390 Park Avenue, New York, New York.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2) as all parties to this action are citizens or business entities of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. This Court is the proper venue for the adjudication of the causes of action asserted in this litigation pursuant to 28 U.S.C. § 1391(b)(2).

## COMMERCIAL LEASE

6. On or about December 23, 2011 Plaintiff entered into a written commercial lease with the Defendant. (hereafter referred to as the "Lease").

7. A Guarantor signed a written good guy guaranty ("Good Guy Guaranty") with the Landlord wherein he guaranteed Plaintiff's obligations under the Lease.

8. Pursuant to the terms of the Lease, Plaintiff had demised a portion of the third floor in the Building (the "Premises").

9. The Lease commenced on or about December 23, 2011 and expires on October 21, 2022.

10. Base rent for the first year of the lease term was $650,800 per annum, ($54,233.33 per month) from the commencement date. Rent for the last year of the Lease term is $885,771 per annum ($73,814.25) per month.

11. Plaintiff has faithfully performed all of its obligations under the Lease including the payment of rent until April 1, 2020.

12. Pursuant to par 8 of the Lease entitled, Permitted Use, Plaintiff shall be entitled to use the Premises for:

> The display and retail sale of fine art, and, as incidental and ancillary use, general executive and administrative offices.

13. Such use contemplated large groups of customers viewing the exhibits and attending exhibit openings.

14. Plaintiff's premises has been closed since March 1, 2020 because of the Covid-19 pandemic.

15. On March 25, 2020, Plaintiff sent Defendant written notice that it was vacating the premises on or about July 1, 2020 (the "vacation notice") and demanded the return of the Plaintiff's security deposit.

16. On April 8, 2020, Defendant declared a default under the lease and on April 23, 2020 wrongfully seized Plaintiff's entire $365,500 security deposit.

17. Plaintiff's lease expires August 2021.

## FRUSTRATION OF PURPOSE AND IMPOSSIBILITY

18. Through May 3, 2020 some 327,015 New York residents have tested positive for COVID-19 and 25,113 residents have died from coronavirus.

19. As a result of the COVID-19 pandemic, Governor Cuomo issued a number of Executive Orders, which by March 29, 2020, completely frustrated the very purpose of the Lease and made it impossible for Plaintiff to perform.

20. Pursuant to Executive Order No. 202.8 all non-essential employees were required to stay home effective at 8PM March 22, 20220.

21. As a result of the Executive Orders, Plaintiff informed the Defendant that it considers the Lease terminated by the legal doctrine of frustration of purpose. On a telephone call on May 8, 2020, between the parties, Plaintiff advised the defendant it considered the lease terminated effective April 1, 2020 because it could not use the space as intended and demanded the return of its security deposit.

## (COUNT 1)
## (Declaratory Judgment of Frustration of Purpose)

22. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 of this complaint with the same force and effect as if they had been fully set forth herein at length.

23. Plaintiff terminated the lease effective April 1, 2020.

24. An actual controversy of a justiciable nature now exists between Plaintiff and Defendant concerning the rights and obligations of the parties under the Lease.

25. Specifically, the parties disagree on whether Plaintiff is entitled to lawfully terminate the Lease pursuant to the doctrine of frustration of purpose.

26. Under New York law, frustration of purpose refers to a situation where an unforeseen event (Covid-19) has occurred which, in the context of the entire transaction,

destroys the underlying reasons for performing such contract, thus operating to discharge a party's duties of performance.

27. As a result of COVID-19 and Governor Cuomo's Executive Orders, Plaintiff is prohibited from operating its business at the Leased Premises and from operating its business at the Leased Premises as an art gallery and all other Permitted Uses set forth in the Lease.

28. Plaintiff's inability to operate its business open to the public was completely outside of Plaintiff's control and was not foreseeable or anticipated at the time the Lease was entered into with the Landlord.

29. Plaintiff has a legally protectable interest in this controversy. Specifically, Plaintiff and its Guarantor have a pecuniary interest in a declaration that they have no obligation to continue to pay the landlord commencing on April 1, 2020. To date, Plaintiff has paid the landlord $6,836,973.00 in rent along with a security deposit of $365,000.

30. Therefore, Plaintiff seeks a declaratory judgment of their rights under the doctrine of frustration of purpose.

31. Plaintiff seeks a declaration from this Court, the Plaintiff lawfully terminated the Lease as a result of the Covid-19 pandemic and the Executive Orders which prohibited Plaintiff from operating its business at the Leased Premises.

32. The purpose of the lease has been completely frustrated.

33. Plaintiff seeks a declaration that since the Lease was lawfully terminated, its obligations to guarantee the lease are extinguished.

34. Plaintiff seeks a declaration that since it notified the Defendant that it was vacating the space on June 30, 2020, Guarantor's obligations to guaranty the lease is extinguished.

35. Plaintiff seeks a declaration that the Defendant wrongfully declared a default under the lease and wrongfully seized the Plaintiff's security deposit.

36. Plaintiff further seeks an order of this Court declaring that Defendant is liable for the attorneys' fees and costs incurred by Plaintiff in the prosecution of this lawsuit pursuant to the terms of the Lease.

37. This controversy is ripe for adjudication and a judicial declaration is necessary to end the present controversy.

38. There has been no prior request for the relief sought in this cause of action.

## COUNT II
### (Rescission Based on Impossibility of Performance)

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 36 of this complaint with the same force and effect as if they had been fully set forth herein at length.

40. The Lease permits Plaintiff to use the Leased Space and operate its business in a particular manner.

41. The law of impossibility provides that performance of a contract will be excused if such performance is rendered impossible by intervening governmental activities.

42. Because of COVID-19 and the Executive Orders, performance by Plaintiff, has been rendered impossible.

43. The impossibility occasioned by COVID-19 and the Executive Orders was unforeseen at the time the Lease was entered into and cannot be attributed to Plaintiff or Defendant.

44. Alternatively, Plaintiff has no adequate remedy at law and its ground for relief herein, i.e., rescission, is addressed to the equitable jurisdiction of this Court.

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

1. On the first cause of action, Plaintiff prays for a judgment declaring that:

   (a) Plaintiff lawfully terminated the Lease and that the Lease is hereby terminated and of no further force and effect, pursuant to the doctrine of frustration of purpose; and

   (b) Since the purpose of the Lease has been frustrated and therefore terminated, Plaintiff's obligations under the Guaranty are extinguished; and

   (c) Plaintiff is to recover from Landlord the full amount of its security deposit because the Lease has been fully terminated.

2. Alternatively, on the second cause of action, a judgment of this Court acting as a court of equity rescinding the Lease, and all obligations of the parties under the Lease, and therefore Guarantor's obligations under the Guaranty, and ordering Defendant to return the full amount of the security deposit.

3. An award of attorneys' fees and costs incurred by Plaintiff in the prosecution of this lawsuit.

4. Such other and further relief as this Court deems just, proper, and equitable.

Dated: New York, New York
May 13, 2020

>Respectfully Submitted,
>
>MARGOLIN & PIERCE, LLP
>
>By _/s/ Errol F. Margolin_
>    Errol F. Margolin
>110 West 40th Street-Suite 303
>New York, NY 10018
>(212) 247-4844
>*margolinandpierce@gmail.com*