

733 Third Avenue
New York, New York 10017
212.867.6000
Fax 212.551.8484
www.rosenbergestis.com

+1 (212) 551-8430
lbarrack@rosenbergestis.com

June 8, 2020

**BY ECF**

Katharine H. Parker, United States Magistrate Judge
U.S. District Court - Southern District of New York
500 Pearl Street, Room 750
New York, NY 10007

    Re:    *Venus Over Manhattan Art LLC ("Plaintiff") v. 980 Madison Owner LLC ("Defendant")*
              Case 1:20-cv-03838 (NRB) (KHP)

Dear Judge Parker:

    We submit this letter on behalf of Defendant, pursuant to your Individual Practices in Civil Cases and the Federal Rules of Civil Procedure (the "FRCP"), to respectfully request that the Court: (1) schedule a pre-motion conference to dismiss prior to answer; and (2) stay the time for Defendant to answer, move or otherwise respond to the complaint (ECF Doc No. 4) (the "Complaint") until further order of the Court.[1]

    Pursuant to FRCP 12(b)(1) and 12(h)(3), the basis of the pre-answer motion to dismiss is that the Court lacks subject-matter jurisdiction over this action. For the reasons discussed herein, Plaintiff has failed to meet its burden in pleading and establishing diversity, and the Complaint should therefore be dismissed. Further, notwithstanding the jurisdictional pleading defects in the Complaint, upon information and belief, complete diversity does not exist between the parties.

    The Complaint alleges that subject-matter jurisdiction exists under 28 USCA § 1332 based on diversity of the parties as purported citizens of different states. *See* Complaint ¶ 4. However, in this regard, the Complaint alleges nothing more than that Plaintiff is a New York limited liability company (an "LLC"), with its principal office located in Manhattan, and that Defendant is a Delaware corporation[2], with its principal office located in Manhattan. *Id.* at ¶ 2-3.

    It is well-established that for purposes of diversity an LLC is a citizen of every state of which any of its members is a citizen. *See Krause v Forex Exch. Mkt., Inc.*, 356 F Supp 2d 332, 336 (SDNY 2005). As such, "an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint…and, if those members have members, the citizenship of those members

---

[1] We note that an affirmation of service for the Complaint and accompanying commencement documents has not been filed with the Court. Defendant became aware of this lawsuit through an electronic notification received by its transactional counsel. Upon information and belief, Defendant has not been served with the Complaint. As such, Defendant reserves all rights to challenge service and/or personal jurisdiction.

[2] Defendant is in fact an LLC, not a corporation.

RE\66604\0001\3137391v1



June 8, 2020
Page 2

as well." *Avant Capital Partners, LLC v W108 Dev. LLC*, 387 F Supp 3d 320, 322-23 (SDNY 2016) (internal quotations and citations omitted). A party's failure to meet these pleading requirements warrants dismissal of the complaint. *Id*. at 323.

      Accordingly, Defendant respectfully submits that the Complaint is insufficient and should be dismissed as Plaintiff, an LLC, fails to identify the citizenship of each of its members, and similarly fails to allege the same with respect to Defendant, which is also an LLC. In sum, the Complaint simply provides no basis upon which the Court could find diversity, thereby requiring its dismissal.

      Moreover, notwithstanding Plaintiff's defective allegations of jurisdiction, upon information and belief, complete diversity is lacking between the parties, independently requiring that the Complaint be dismissed. Specifically, at least one of the natural persons who is a member of certain LLC's, which are in turn members of or partners in additional unincorporated entities that ultimately comprise the membership of Defendant, is domiciled in and a citizen of New York. As such, under the applicable jurisdictional analysis, Defendant is a citizen of New York. *See Krause v Forex.*, *supra*, 356 F Supp 2d 332 at 336. In addition, upon information and belief, certain members of Plaintiff, including, but not limited to, Adam Lindemann and/or Eran Schreiber are domiciled in and citizens of New York. Thus, Plaintiff is likewise a citizen of New York. *Id.* As Defendant and, upon information and belief, Plaintiff are citizens of the same state, complete diversity does not exist, and the Court lacks subject-matter jurisdiction over this action.

      For these reasons, Defendant respectfully requests that the Court: (1) schedule a pre-motion conference to dismiss prior to answer; and (2) stay the time for Defendant to answer, move or otherwise respond to the Complaint until further order of the Court.

      Thank you for the Court's attention to this matter.

      Respectfully submitted,

Luise A. Barrack

RE\66604\0001\3137391v1